IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CLAUDE PIERCE,                                          03:11-cv-1250-KI

        Petitioner,                                         ORDER

  v.

J.E. THOMAS,

        Respondent.

KING, Judge

    Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner alleges that a correctional official issued an incident report in violation of petitioner's due process and first amendment rights. A disciplinary hearing concerning the incident has yet to occur. Currently before the court is petitioner's motion for temporary restraining order and preliminary injunction.

    A litigant seeking a preliminary injunction must demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

1 -- ORDER

the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20-21 (2008). Petitioner fails to satisfy the foregoing standard because he has (1) yet to be subjected to a disciplinary hearing and, therefore, has failed to exhaust his administrative remedies; (2) failed to demonstrate that exhaustion of administrative remedies would be futile; (3) failed to demonstrate a likelihood of success on the merits on his procedural and substantive due process claims; and (4) failed to demonstrate a likelihood of success on the merits of his retaliation claim. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(exhaustion); Superintendent v. Hill, 472 U.S. 445, 454-55 (1985) (substantive due process); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974) (procedural due process); Silva v. Di Vittorio, 2011 WL 4436248 *10 (9th Cir. Sept. 26, 2011) (retaliation). For all of these reasons, his motion for TRO/Preliminary Injunction (#3) is DENIED.

## CONCLUSION

Petitioner's motion for temporary restraining order and preliminary injunction (#3) is DENIED. IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#4) is DENIED, with leave to renew after respondent is served and files his responsive brief. Petitioner shall pay the requisite filing fee within 30

days of the date of this order.  Failure to do so shall result in the dismissal of this proceeding.[1]

    IT IS SO ORDERED.

    DATED this ___24th___ day of October, 2011.

                                                   /s/ Garr M. King
                                                   Garr M. King
                                                   United States District Judge

---

[1] Petitioner has yet to pay the requisite $5.00 filing fee, but has submitted a declaration providing that he requested prison officials to withdraw the fee from his trust account and forward it to the court.  I addresses the propriety of injunctive relief in this order.  However, petitioner must pay the filing fee before this court will order the petition to be served upon respondent.